# CIVIL COVER SHEET

₳JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeremy A. Richardson

## DEFENDANTS
Rock City Mechanical Company, LLC

(b) County of Residence of First Listed Plaintiff: **Fentress**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jon E. Jones, Law Office of Jon E. Jones, P.O. Box 699, Cookeville, TN 38503; (931) 372-8771; Ronald C. Koksal, Butler, Vines & Babb, P.O. Box 2649, Knoxville, TN 37901; (865) 637-3531

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 2000e-2

Brief description of cause:
employment discrimination based on national origin

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $100,000 - $500,000 -punitive; compensatory
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
Contemporaneously filed case of Van Natter v. Rock City Mechanical
JUDGE _____
DOCKET NUMBER _____

DATE: 11/18/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2008 NOV 20 P 2: 02
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____DEPT. CLERK

| | |
|---|---|
| JEREMY A. RICHARDSON, | ) |
| Plaintiff, | ) JURY DEMANDED |
| VERSUS | ) CIVIL ACTION NO. 3:08-CV-472 |
| ROCK CITY MECHANICAL COMPANY, LLC, | ) Phillips/Guyton |
| Defendant. | ) |

## COMPLAINT

### The Parties

1.  The plaintiff, Jeremy A. Richardson, is a citizen and resident of Jamestown, Fentress County, Tennessee.

2.  The defendant, Rock City Mechanical Company, LLC, is a Tennessee limited liability company with its principal place of business located in Nashville, Davidson County, Tennessee. Its agent for service of process is John C. Wehby, 2715 Grandview Avenue, Nashville, Tennessee 37211.

### Jurisdiction and Venue

3.  This is an action for violation of Title 42 *U.S.C.* § 2000e-2 (prohibition of employment discrimination based on national origin). This Court has jurisdiction pursuant to 28 *U.S.C.* § 1331.

4.  The plaintiff filed a complaint with the EEOC which was received on March 18, 2008. More than 60 days have elapsed since the filing
- 1 -

of that complaint as required by Title 29 *U.S.C.* § 626. No decision was reached by the EEOC and on August 22, 2008, the EEOC issued a Notice of Right to Sue (Issued on Request). This complaint is filed less than 90 days following the receipt of the Notice of Right to Sue. A copy of the complaint filed with the EEOC is attached as Exhibit "A" to this Complaint. A copy of the Notice of Right to Sue issued by the EEOC is attached as Exhibit "B" to this Complaint.

5. The acts complained of occurred in Morgan County, Tennessee, within the Northern Division of the Eastern District of Tennessee.

6. The plaintiff's date of birth is April 27, 1976. The plaintiff's national origin is the United States.

7. On approximately April 2, 2007, the plaintiff began working for the defendant as a journeyman sheet metal worker on the construction of a new Tennessee penitentiary at Brushy Mountain, Morgan County, Tennessee.

8. The construction project was paid for by the State of Tennessee and by the United States of America.

9. The defendant, Rock City Mechanical, was a subcontractor providing heating and air conditioning work for the project.

10. The defendant, Rock City Mechanical, employed more than 100 employees in the United States at all relevant times.

11. The defendant preferred sheet metal workers who were Hispanic. The defendant, however, also hired some sheet metal workers who were not Hispanic and who were born in the United States of America.

12. At all times, the plaintiff did his work in a competent and workmanlike manner.

13. The plaintiff's most recent rate of pay while he worked for the defendant was $22 per hour.

14. On December 21, 2007, the defendant discharged a number of sheet metal workers including the plaintiff.

15. At the time he was terminated, the defendant retained some of the sheet metal workers on the job. Most, if not all, of the discharged workers had a United States of America national origin. Most of the sheet metal workers who were retained had national origins in Central American countries.

16. The defendant selected workers for termination based on national origin and retained disproportionately workers of Central American origin.

17. The defendant discriminated against sheet metal workers of U.S. national origin and in favor of sheet metal workers with Central American (Hispanic) origin.

18. During a portion of the time he was employed by the defendant, the plaintiff's foreman was Hispanic. In August 2007, the plaintiff asked this foreman for permission to go to lunch a few minutes early. This permission was granted. Despite this, when the plaintiff returned from lunch, he received a written reprimand for leaving work five minutes early for lunch.

19. Several days later, INS representatives came to the job site. The plaintiff's foreman and approximately 30 other employees of the defendant immediately ran from the job site.

20. Several days later, this foreman, and many of the other Hispanic workers who had fled the job site, returned. Many of these workers, including the foreman, returned using new names and identities. These individuals were not reprimanded for leaving the job site early or without permission.

21. At all times he was employed by the defendant, the plaintiff maintained excellent job skills and was proficient from both a technical and a reliability standpoint.

22. The plaintiff was selected for lay-off because his national origin was the United States of America and he was not Hispanic.

## Violation of 42 U.S.C. § 2000e-2

23. At all times material herein, Title 42 U.S.C. § 2000e-2 of the United States Code was in full force and effect and prohibited discrimination in employment based on national origin.

24. The defendant's decision to terminate the plaintiff's employment was motivated, in substantial part, by the plaintiff's national origin.

25. At the time it terminated the plaintiff's employment, the defendant was fully aware that its action was a violation of federal law.

26. The defendant's national origin discrimination against the plaintiff was a willful violation of Title 42 *U.S.C.* § 2000e-2 of the United States Code.

27. As a direct result of his wrongful termination, the plaintiff lost wages and benefits. In addition, he experienced emotional distress.

WHEREFORE, the plaintiff sues the defendant for national origin discrimination and violation of Title 42 *U.S.C.* § 2000e-2 of the United States Code and asks the Court for an award of:

A) Back pay and benefits, with prejudgment interest;

B) Reinstatement (or front pay and benefits in lieu of reinstatement);

C) Compensatory damages in the amount of $100,000;

D) Punitive damages of $500,000; and

E) Reasonable attorney's fees, expenses and costs.

The plaintiff demands a jury.

**JEREMY A. RICHARDSON**

By: *[signature]*

Jon E. Jones, BPR #2848
LAW OFFICE OF JON E. JONES
P.O. Box 699
Cookeville, TN 38503-0699
(931) 372-8771 – phone
(931) 372-8992 – fax

and

By: _RCK by J&J_
Ronald C. Koksal, BPR #1570
BUTLER, VINES & BABB
P.O. Box 2649
Knoxville, TN 37901-2649
(865) 637-3531 – phone
(865) 637-3385 – fax

Attorneys for the Plaintiff

- 6 -
Case 3:09-cv-00092    Document 1    Filed 11/20/2008    Page 7 of 9

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 494-2008-01163 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jeremy Richardson | (931) 397-0388 | 04-27-1976 |

| Street Address | City, State and ZIP Code |
|---|---|
| 161 East Lane | Jamestown, TN 38556 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ROCK CITY MECHANICAL | Unknown | (615) 251-3054 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2715 Grandview Avenue | Nashville, TN 37211 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-01-2007    Latest: 12-21-2007

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above-named employer on April 2, 2007 as an "A" Laborer. In August of 2007, I had asked Jimmy Costalanta (Hispanic-Non American), Foreman, if I could go to lunch a few minutes early. He indicated that this was ok. When I returned, I was written up for leaving early. Several days after that the Immigration and Naturalization Service (INS) Representatives came to my worksite. My Foreman and approximately thirty employees immediately ran from the worksite. Days later, my Foreman and many of these Hispanic-Non American workers returned to the job, using new names. None of the workers received a write-up for leaving early when INS arrived. On December 21, 2007, I was discharged.

I was informed that I was discharged because the workload was declining. I later found out that only American employees were being selected for layoff and discharge. The Hispanic Non-American workers were not laid off or discharged.

I believe that I have been discriminated against because of my national origin, American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3/14/08   /s/ Jeremy Richardson<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EXHIBIT A

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Jeremy Richardson<br>161 East Lane<br>Jamestown, TN 38556 | **From:** Nashville Area Office<br>50 Vantage Way<br>Suite 202<br>Nashville, TN 37228 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2008-01163 | Cynthia D. Lamar,<br>Investigator | (615) 736-2104 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Sarah L. Smith_ (signature)
Sarah L. Smith,
Area Office Director

AUG 2 2 2008
(Date Mailed)

Enclosures(s)

cc: ROCK CITY MECHANICAL
2715 Grandview Avenue
Nashville, TN 37211

Jon E. Jones
P.O. Box 699
Cookeville, TN 38501

EXHIBIT B